### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **JASPER TERRY,** | |
| Plaintiff, | |
| vs. | Case No. 4:25-cv-00901 |
| **DR PEPPER/SEVEN UP, INC., DR PEPPER SEVEN UP MANUFACTURING COMPANY, and KEURIG DR PEPPER, INC.,** | |
| Defendants. | |

### NOTICE OF REMOVAL

COMES NOW Defendants Dr Pepper/Seven Up, Inc., Dr Pepper Seven Up Manufacturing Company, and Keurig Dr Pepper, Inc., ("Defendants"), by and through their attorneys, and give notice the case of *Jasper Terry v. Dr Pepper/Seven Up, Inc., Dr Pepper Seven Up Manufacturing Company, and Keurig Dr Pepper, Inc.*, initiated in the Twenty First Judicial Circuit Court, Saint Louis County, Missouri, on or about May 19, 2025, and assigned the Case Number 25SL-CC05456 has, on this 20th day of June, 2025, been removed to the United States District Court for the Eastern District of Missouri, Eastern Division. This removal is based upon 28 U.S.C. §§ 1331, 1441, and 1446, and for their Notice of Removal, Defendants state as follows:

### I.    TIMELINESS OF REMOVAL

1.    On May 19, 2025, Jasper Terry ("Plaintiff") filed a Petition in the Circuit Court of Saint Louis County, Missouri ("the State Court") in an action titled *Jasper Terry v. Dr Pepper/Seven Up, Inc., Dr Pepper Seven Up Manufacturing Company, and Keurig Dr Pepper, Inc.*, Case Number 25SL-CC05456 (the "State Court Action").

2.  In accordance with 28 U.S.C. § 1446(a) and E.D.Mo. L.R. 2.03, a copy of the complete state court file and docket sheet of the Circuit Court Action are attached as **Exhibit A**, which includes any and all process, pleadings, papers, and orders served upon Defendants.

3.  In his Petition, Plaintiff asserts claims against Defendants for retaliation in violation of the Missouri Human Rights Act and the Age Discrimination in Employment Act and discrimination in violation of the Age Discrimination in Employment Act.  See Ex. A, Petition.

4.  Plaintiff served his Petition upon Defendants' counsel on May 21, 2025.

5.  This Notice of Removal is timely filed because it is filed within 30 days of service of the Summons and Petition. *See* 28 U.S.C. § 1446(b).

6.  By removing this action, Defendants do not waive any defenses or objections that they may have, including but not limited to sufficiency of process, service of process, and personal jurisdiction.

## II.    VENUE AND NOTICE

7.  The United States Supreme Court has held that, under 28 U.S.C. § 1446(a), defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* Thus, courts should apply "the same liberal rules [to removal allegations] that are applied to other matters of pleading," and the notice of removal "need not contain evidentiary submissions." *Id.* at 551.

8.  Venue is proper in the United States District Court for the Eastern District of Missouri, Eastern Division, because the territorial jurisdiction of this Court includes Saint Louis County, Missouri. *See* 28 U.S.C. §§ 105(a)(1), 1446(a); E.D.Mo. L.R. 2.07.

2

9.      A Civil Cover Sheet and the Original Filing Form are filed contemporaneously with this Notice.

10.      In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Saint Louis County, Missouri. In addition, Defendants will file a Notice to Plaintiff, stating that a Notice of Removal to the United States District Court for the Eastern District of Missouri was filed, and serving a copy of this Notice of Removal upon Plaintiff.

### III.   NATURE OF CLAIMS AND JURISDICTION

11.      Plaintiff's Petition asserts two claims (Counts II, and III) under the Age Discrimination in Employment Act and, by alleging civil violations of United States federal law, raises a federal question.

12.      Because Plaintiff's Petition raises a federal question, this Court has original jurisdiction over this action under 28 U.S.C. § 1331, and Defendants are entitled to remove this matter to this Court pursuant to 28 U.S.C. § 1441(a).

13.      Pursuant to 28 U.S.C. § 1367(a), this Court possesses supplemental jurisdiction over Count I of Plaintiff's Petition alleging violation of the Missouri Human Rights Act. Plaintiff's state law claims relate to the same allegations concerning his employment as his federal claims such that they are part of the same common nucleus of operative facts and stem from the same case or controversy pursuant to Article III of the U.S. Constitution.  28 U.S.C. § 1367(a); *see Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 349, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

**IV.      CONCLUSION**

Having fulfilled all statutory requirements, Defendants hereby remove the above-captioned matter to this Court from the Circuit Court of Saint Louis County, Missouri, and requests that this Court assume full jurisdiction over this matter as provided by law and permit this action to proceed before it.

Respectfully submitted,

*/s/ Jeannie M. DeVeney*

Jeannie M. DeVeney, Bar No. 46885
jdeveney@littler.com
Telephone:  816.627.4405
Facsimile:  816.817.1453
Laura M. Thompson, Bar No. 67999
lmthompson@littler.com
Telephone: 314.659.2012
Facsimile:  314.667.3891
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO  64106

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 20th day of June, 2025, a true and correct copy of the foregoing was filed via the Court's e-filing system, which sent electronic notice to the following:

Bret C. Kleefuss
bretcharles@yahoo.com
Law Offices of Bret Kleefuss, P.C.
1420 Strassner Drive
St. Louis, Mo 63144
Phone: (314) 325-1997

**ATTORNEYS FOR PLAINTIFF**

*/s/ Jeannie M. DeVeney*
**ATTORNEY FOR DEFENDANTS**

5